UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KEYBANK NATIONAL ASSOCIATION,
SUCCESSOR BY MERGER TO KEY EQUIPMENT
FINANCE INC.,

                       Plaintiff,

             v.

NOUR LIMO, INC., RAGAEY MOHAMED, AND
ASHRAF SAAD,

                       Defendants.
-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

22-CV-1894
(Komitee, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiff Keybank National Association, successor by merger to Key Equipment Finance Inc., commenced this action against Nour Limo, Inc.; Ragaey Mohamed; and Ashraf Saad, alleging causes of action for breach of contract and breach of guaranty. *See generally* Dkt. No. 1. Defendants did not answer or otherwise respond to the Complaint. Currently pending before this Court, on a referral from the Honorable Eric R. Komitee, United States District Judge, is Plaintiff's motion for default judgment against Defendants Nour Limo and Ashraf Saad.[1] *See* Dkt. No. 23; *see also* August 8, 2023 Referral Order.[2]

For the reasons set forth below, this Court respectfully recommends that Plaintiff's motion for default judgment be granted in part and denied in part.

---

[1] Defendant Ragaey Mohamed was dismissed by a notice of voluntary dismissal on August 30, 2022. *See* Dkt. No. 19. The Court respectfully recommends that the Clerk of Court amend the case caption to reflect the dismissal of Defendant Mohamed. *See United States v. Edwards*, 241 F.R.D. 146, 148 (E.D.N.Y. 2007) (collecting cases for the premise that amendments to a case caption to make technical changes are generally permissible).

[2] The referral was made to then-United States Magistrate Judge Ramon E. Reyes, Jr. Upon Judge Reyes's appointment as a United States District Judge, the matter was re-assigned to the undersigned. *See* Nov. 9, 2023 Dkt. Entry.

I. **Background**

    A. **Factual Allegations**

The following facts are taken from the complaint, Plaintiff's motion, and the attachments filed in support of Plaintiff's motion; the facts are assumed to be true for the purposes of this motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (in light of defendant's default, a court is required to accept all of plaintiff's factual allegations as true and draw all reasonable inferences in plaintiff's favor).

KeyBank is a national banking association domiciled in Ohio that transacts business in Queens County, New York. Dkt. No. 1 ¶¶ 1, 7. Nour Limo is a New York corporation with a principal place of business located at 3811 Ditmars Boulevard, Astoria, New York 11105. *Id.* ¶ 2. Saad is an individual who resides at 4502 Ditmars Boulevard, Apartment 103, Astoria, New York 11105. *Id.* ¶ 4.

Between June 2016 and June 2018, Nour Limo entered into four Loan and Security Agreements with Plaintiff to finance the purchase of vehicular equipment. *Id.* ¶¶ 8-11; *see* Dkt. Nos. 1-5 – 1-8. The first agreement ("Agreement One") was for $185,000.00 (Dkt. No. 1-5); the second agreement ("Agreement Two") was for $175,000.00 (Dkt. No. 1-6); the third agreement ("Agreement Three") was for $165,000.00 (Dkt. No. 1-7); and the fourth agreement ("Agreement Four") was for $98,000.00 (Dkt. No. 1-8). Saad signed each agreement in his capacity as president of Nour Limo. *See* Dkt. No. 1-5, at 5; Dkt. No. 1-6, at 5; Dkt. No. 1-7, at 5; Dkt. No. 1-8, at 5.

Pursuant to the terms of the agreements, Nour Limo was required to make an initial payment of $395.00 to Plaintiff, followed by a series of monthly payments over four to five years. Dkt. No. 1 ¶¶ 24, 33, 42, 51; Dkt. Nos. 1-5 – 1-8. Nour Limo paid these sums in exchange for vehicles that were "received in good condition, correctly installed and completely installed, and

operating properly to the satisfaction of Nour Limo." Dkt. No. 1 ¶¶ 26, 35, 44, 53; Dkt. Nos. 1-13, 1-15, 1-17, 1-19. Each agreement stated that Nour Limo's "fail[ure] to pay any amount within ten days of the due date," would constitute a default. Dkt. No. 1 ¶ 12; Dkt. Nos. 1-5 ¶ 13(a), 1-6 ¶ 13(a), 1-7 ¶ 13(a), 1-8 ¶ 13(a). In the event of a default, each agreement gave Plaintiff the right to, *inter alia*, accelerate and collect all payments due under the agreement. Dkt. No. 1 ¶ 13; Dkt. Nos. 1-5 ¶ 14, 1-6 ¶ 14, 1-7 ¶ 14, 1-8 ¶ 14.

To induce Plaintiff to enter into the agreements, Saad signed absolute, unconditional, and irrevocable guaranties. For the First, Second, and Third Agreements, Saad signed continuing guaranties. *See* Dkt. No. 1 ¶¶ 15-17; Dkt. Nos. 1-9 – 1-11. Unlike the other guaranties signed by Saad, Agreement Four does not expressly indicate that it is a continuing guaranty. *See* Dkt. No. 1-12. These instruments guarantee the "full and prompt" performance and payment of each agreement and indicate that if more than one guarantor signs the guaranty, their rights and obligations will be joint and several. Dkt. No. 1 ¶¶ 19-20; Dkt. Nos. 1-9, at 2, ¶ 1; 1-10, at 2 ¶ 1; Dkt. No. 1-11, at 2 ¶ 1; 1-12, at 2, ¶ 2.

Nour Limo defaulted on all four agreements by failing to make the required payments to Plaintiff. Dkt. No. 1 ¶¶ 24-59. Nour Limo defaulted on Agreement Four in January 2020 (*id.* ¶ 56), and in October 2020, it defaulted on the other three agreements (*id.* ¶¶ 29, 38, 47). As a result, on January 6, 2022, Plaintiff demanded that Nour Limo and Saad, as guarantor, pay the total deficiency on all four agreements, or, alternatively, make payment arrangements with Plaintiff. *Id.* ¶¶ 30, 39, 48, 57; *see also* Dkt. Nos. 1-14, 1-16, 1-18, 1-20. Defendants' deficiency totaled $284,870.93. Dkt. No. 1, at 12.[3] To date, Defendants have neither paid the deficiency on the four

---

[3] In other sections of the Complaint, Plaintiff states that the deficiency totals $248,879.93. *See* Dkt. No. 1 ¶¶ 65, 74. But the total deficiency includes an unpaid balance of $48,661.34 for Agreement No. 1 (*id.* ¶ 30; Dkt. No. 1-14); $74,959.87 for Agreement No. 2 (Dkt. No. 1 ¶ 39; Dkt. No. 1-16); $103,675.87 for Agreement No. 3 (Dkt. No. 1 ¶ 48; Dkt. No. 1-18); and $57,573.85 for Agreement No. 4 (Dkt. No. 1 ¶ 57;

3

agreements nor made alternative arrangements with Plaintiff. Dkt. No. 1 ¶¶ 31, 40, 49, 58; Dkt. No. 23-4 ¶ 15.[4]

### B. Procedural History

On or about April 4, 2022, Plaintiff filed its complaint against Defendants for breach of contract and breach of guaranty in the amount of $284,870.93. *See generally* Dkt. No. 1. On April 20, 2022, Plaintiff properly served Saad with the summons and complaint via personal delivery at his place of residence located at 45-02 Ditmars Boulevard, Apt. 103, Astoria, New York. *See id.* ¶ 4; Dkt No. 6. Plaintiff properly served Nour Limo with the summons and complaint via delivery to the New York Secretary of State on May 24, 2022. Dkt. No. 7.

After Saad and Nour Limo failed to respond or otherwise defend against the complaint, Plaintiff requested a certificate of default against both Defendants (Dkt. No. 8), which the Clerk of the Court granted on June 23, 2022 (Dkt. No. 9). On July 11, 2022, Plaintiff filed its first motion for default judgment against Nour Limo and Saad. Dkt. No. 10. The Court promptly denied the motion without prejudice and with leave to renew "in a manner that complies with all applicable rules," reasoning that "[a] motion for default judgment cannot be granted unless the party adheres to all applicable procedural rules." *See* July 14, 2022 Dkt. Order. On August 12, 2022, Plaintiff filed its second motion for default judgment. Dkt. No. 14. The Court denied this motion too, reiterating that "[a] motion for default judgment cannot be granted unless the party adheres to all

---

Dkt. No. 1-20). These total $284,870.93. Thus, the Court understands the $248,879.93 figure to reflect a typographical error, rather than Plaintiff seeking to recover less than the balance due.

[4] Per Plaintiff's affidavit, "[a] true and correct copy of [Defendants'] outstanding balance history to the Agreement is attached as Exhibit Q." Dkt. No. 23-4 ¶ 15. Exhibit Q was not included with the exhibits attached to Plaintiff's affidavit. *See* Dkt. No. 23-5. The Court nonetheless accepts as true the statements in Plaintiff's affidavit about the total balance due under the agreements and guaranties. *See, e.g., Power Up Lending Grp., Ltd. v. Corix Bioscience, Inc.*, No. 18-CV-2568 (JS) (AKT), 2019 WL 1494613, at *5 (E.D.N.Y. Mar. 14, 2019) (relying on plaintiff's affidavit and contract to calculate damages on a default judgment motion), *report and recommendation adopted*, 2019 WL 1492913 (E.D.N.Y. Mar. 31, 2019).

4

applicable procedural rules" and granting leave to renew "for filing in a manner that complies with all applicable rules, including [Your Honor's] Individual Rules & Practices." *See* Aug. 17, 2022 Dkt. Order.

On August 31, 2022, Plaintiff filed its third motion for default judgment (Dkt. No. 20), which was referred to Judge Reyes for a report and recommendation (Sep. 1, 2022 Dkt. Order). On February 2, 2023, Judge Reyes entered a report and recommendation in which he recommended that Plaintiff's motion "be denied without prejudice for failure to comply with local and individual rules, and with leave to renew, granting Plaintiff a final opportunity to file and serve a motion for default judgment in a manner that conforms to all applicable federal, local, and individual rules." *See* Dkt. No. 21.

On June 20, 2023, Plaintiff filed its fourth motion for default judgment. Dkt. No. 23. In support of its motion, Plaintiff submits: (1) a notice of motion (Dkt. No. 23); (2) an affirmation from Plaintiff's counsel, Dafney Dubuisson Stokes, with exhibits (Dkt. Nos. 23-1 – 23-3); (3) an affidavit from Plaintiff's litigation coordinator, Nancy Barnes, with exhibits (Dkt. Nos. 23-4 – 23-5); (4) a memorandum of law (Dkt. No. 23-6); (5) a proposed order for default judgment (Dkt. No. 23-7); (6) a copy of the complaint (Dkt. No. 23-8); and (7) a certificate of service (Dkt. No. 23-3).

## II. Standard for Default Judgment

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). At the first step, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see Esquivel*, 2023 WL 6338666, at *3 ("when a party uses an affidavit or other proof to show that a party has 'failed to plead or otherwise defend' against an

5

action, the clerk shall enter a default." (citing Fed. R. Civ. P. 55(a)). "If a claim is for 'a sum certain or a sum that can be made certain by computation,' the clerk can enter judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(1)).

At the second step, and "[i]n all other cases, the party must apply to the court for a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). To "enter or effectuate judgment" the Court is empowered to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Nevertheless, in evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). A plaintiff bears the burden of alleging "specific facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Esquivel*, 2023 WL 6338666, at *3 (quoting *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly

6

established." *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG) (PK), 2023 WL 2583856, at *7 (E.D.N.Y. Mar. 21, 2023) (quotations and citation omitted).

### III. Jursidiction and Venue

#### A. Subject Matter Jurisdiction

The Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of the State of Ohio, Defendants are citizens of the State of New York, and the amount in controversy exceeds $75,000.00. *See* Dkt. No. 1 ¶¶ 1-5; 28 U.S.C. § 1332(a).

#### B. Personal Jurisdiction

"A court may not enter default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." *BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796 (HG) (JAM), 2023 WL 8853704, at *5 (E.D.N.Y. Dec. 22, 2023), *report and recommendation adopted*, Text Order dated January 9, 2024 (internal quotations and citation omitted).

Nour Limo is a New York corporation. *See* Dkt. No. 1.[5] Plaintiff properly served Nour Limo by delivering and leaving copies of the summons and complaint with the New York Secretary of State. *See* Fed. R. Civ. P. 4(h)(1)(A); N.Y. Bus. Corp. L. § 306(b)(1); *see also* Dkt. No. 7. Plaintiff also properly served Saad at his place of residence. *See* Fed. R. Civ. P. 4(e)(2)(A); *see also* Dkt. No. 6. Accordingly, the Court has personal jurisdiction over Defendants.

---

[5] In the Complaint, Plaintiff alleges that "Nour Limo is a corporation operating in the State of New York[.]" Dkt. No. 1 ¶ 2. While Plaintiff does not allege that Nour Limo is a corporation formed under New York law, this Court takes judicial notice of the New York State Secretary of State's website, which indicates that Nour Limo is a domestic business corporation. *See N.Y. Dep't of State, Div. of Corps., Corporation & Business Entity Database Search*, https://apps.dos.ny.gov/publicInquiry (last visited Feb. 20, 2024); *BASF Corp.*, 2023 WL 8853704, at *6 n.3 ("The Court properly takes judicial notice of the Secretary of State's website." (citation omitted)).

7

### C. Venue

"[A] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A corporation is deemed to be a resident of "any district" in "a state which has more than one judicial district and in which . . . [that] corporation is subject to personal jurisdiction at the time an action is commenced." *Id.* § 1391(d). Venue is proper in this district because Nour Limo's principal place of business and Saad's residence are located within this district, and as such, they are residents of this district. Moreover, both Defendants are subject to personal jurisdiction in this district.

### IV. Procedural Compliance with Local Civil Rules 7.1 and 55.2

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO v. Allstate Mapping & Layout, LLC*, No. 22-CV-1831 (PKC) (TAM), 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) (quoting *Century Surety Company v. Adweek*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018)). "[L]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." *See Fin. Servs. Vehicle Tr. v. Osmeña*, No. 22-CV-7491 (RPK) (CLP), 2023 WL 7000935, at *2 (E.D.N.Y. Aug. 15, 2023) (citations and quotation marks omitted).

Under Local Civil Rule 7.1, a motion for default judgment must consist of a notice of motion, a memorandum of law, and supporting affidavits and exhibits containing any factual information and portions of the record necessary for the decision of the motion. Loc. Civ. R. 7.1(a). Under Local Civil Rule 55.2, a "party seeking a judgment by default . . . shall append to

8

the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment," and must mail these three items to the "*last known business address*" of the defaulting party (if not an individual). Loc. Civ. R. 55.2(b)-(c) (emphasis added).

Here, this Court finds that Plaintiff has complied with Local Civil Rules 7.1 and 55.2(b). Plaintiff's motion includes a notice of motion (Dkt. No. 23), a memorandum of law (Dkt. No. 23-6), and an affidavit from Plaintiff (Dkt. Nos. 23-4) in accordance with Local Civil Rule 7.1. Plaintiff also attaches the complaint, certificate of default, and a proposed form of default judgment to its motion in accordance with Local Civil Rule 55.2(b). *See* Dkt. Nos. 23-2, 23-7, 23-8.

Plaintiff has also complied with Local Civil Rule 55.2(c). According to the certificate of service, Plaintiff served Nour Limo with a copy of the default judgment motion at its last known business address located at 3811 Ditmars Boulevard Astoria, New York 11105. Dkt. No. 1 ¶ 2; Dkt. No. 23-3. Plaintiff also served Saad with the motion at his last known residential address at 45-02 Ditmars Boulevard, Apt. 103, Astoria, New York 11105. Dkt. No. 1 ¶ 4; Dkt. No. 23-3.

Accordingly, Plaintiff has complied with Local Civil Rules 7.1 and 55.2.

## V. Liability

### A. Choice of Law

A federal court exercising diversity jurisdiction applies the law of the forum state, including its choice-of-law rules, to determine the applicable substantive law—here, New York law. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 497 (1941). "New York law is clear in cases involving a contract with an express choice-of-law provision: Absent fraud or violation of public policy, a court is to apply the law selected in the contract as long as the state

9

selected has sufficient contacts with the transaction." *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 556 (2d Cir. 2000).

Here, each of the four agreements and the four guarantees contain choice-of-law provisions selecting New York law. *See* Dkt. Nos. 1-5 ¶ 18, 1-6 ¶ 18, 1-7 ¶ 18, 1-8 ¶ 18, 1-9 ¶ 5, 1-10 ¶ 5, 1-11 ¶ 5, 1-12 ¶ 8. Moreover, Nour Limo's principal place of business and Saad's residence are in New York. Dkt. No. 1 ¶¶ 2-4. Accordingly, the Court applies New York law to Plaintiff's claims.

### B. Plaintiff's Breach of Contract Claim

Under New York law, "[i]n order to recover from a defendant for breach of contract, a plaintiff must prove, by a preponderance of the evidence, (1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011); *accord AKF, Inc. v. W. Foot & Ankle Ctr.*, 632 F. Supp. 3d 66, 74 (E.D.N.Y. 2022).

Here, Plaintiff adequately alleges the existence of four agreements, which name Nour Limo as borrower and are signed by Saad as President of the company, and attaches copies of the agreements to the complaint. *See* Dkt. Nos. 1-5 – 1-8. Plaintiff alleges that it performed under the agreements by providing vehicles to Nour Limo's satisfaction, as evidenced by the certificates of acceptance signed by Defendants. *See* Dkt. No. 1 ¶¶ 26, 35, 44, 53; Dkt. Nos. 1-13, 1-15, 1-17, 1-19. Plaintiff alleges that Nour Limo breached the agreements by ceasing to make monthly payments in accordance with the agreements' terms. Dkt. No. 1 ¶¶ 29, 38, 47, 56. As a result of these breaches, Plaintiff alleges that Nour Limo owes a total of $284,870.93, which is the amount remaining under the terms of the agreements. Dkt. No. 1, at 12; Dkt. Nos. 1-14, 1-16, 1-18, 1-20. At the default judgment stage, these allegations are sufficient to establish Nour Limo's liability for

breach of contract. *See, e.g.*, *Abularach v. High Wing Aviation LLC*, No. 22-CV-1266 (MKB) (RML), 2022 WL 18558800, at *2 (E.D.N.Y. Dec. 19, 2022) (recommending that plaintiff's motion for default judgment be granted with respect to plaintiff's breach of contract claim), *report and recommendation adopted*, 2023 WL 1766282 (E.D.N.Y. Feb. 3, 2023); *Arch Specialty Ins. Co. v. Canbert Inc.*, No. 19-CV-05920 (EK) (PK), 2021 WL 1200329, at *4 (E.D.N.Y. Mar. 9, 2021) (same), *report and recommendation adopted*, 2021 WL 1193004 (E.D.N.Y. Mar. 30, 2021).

Accordingly, this Court respectfully recommends that Plaintiff's motion for default judgment be granted with respect to its breach of contract claim against Nour Limo.

### C. Plaintiff's Breach of Guaranty Claim

"Under New York law, the elements of a claim for breach of guarantee are: (1) an absolute and unconditional guaranty, (2) the underlying debt, and (3) the guarantor's failure to satisfy the unpaid debt." *CDS Bus. Servs. Inc. v. Sebbag*, No. 21-CV-1992 (JS) (ST), 2023 WL 7181646, at *2 (E.D.N.Y. Aug. 16, 2023) (internal quotations and citation omitted); *see also Chem. Bank v. Haseotes*, 13 F.3d 569, 573 (2d Cir. 1994).

Here, Plaintiff alleges that it is owed a debt from Nour Limo. Dkt. No. 1 ¶¶ 60-65; Dkt Nos. 1-14, 1-16, 1-18, 1-20. Plaintiff further alleges that Saad guaranteed payment of Nour Limo's debt pursuant to "absolute, unconditional, and irrevocable guaranties." Dkt. No. 1 ¶¶ 15-18; Dkt. Nos. 1-9 - 1-12. Finally, Plaintiff alleges that neither Nour Limo nor Saad has paid this debt despite Plaintiff's demands. Dkt. No. 1 ¶ 31; Dkt. No. 20-3 ¶ 15.

Accordingly, Plaintiff has established Saad's liability for breach of guaranty, and this Court respectfully recommends that Plaintiff is granted default judgment on its breach of guaranty claim.

## VI.     **Damages**

As Defendants' liability has been established, the Court turns to evaluate damages. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. "Rather, the Court must be satisfied that Plaintiff has met the burden of proving damages to the Court with reasonable certainty." *Balhetchet v. Su Caso Mktg. Inc.*, No. 19-CV-4475 (PKC) (SJB), 2020 WL 4738242, at *3 (E.D.N.Y. Aug. 14, 2020) (cleaned up). A plaintiff may submit documentary evidence or detailed affidavits to support their damages claim. *Chen*, 2023 WL 2583856, at *14.

Plaintiff requests judgment against Nour Limo and Saad, jointly and severally, in the principal amount of $284,870.93. Dkt. No. 1, at 12; Dkt. No. 23-6, at 7. As set forth above, this Court finds that Plaintiff has adequately proven Defendants' liability such that judgment may be entered against both Defendants for this amount. *See Merch. Cash & Cap., LLC v. Haute Soc'y Fashion, Inc.*, No. 16-CV-2696 (ILG), 2017 WL 2912452, at *3 (E.D.N.Y. July 6, 2017) (entering default judgment against both defendants for total amount due on plaintiff's breach of contract and breach of guaranty claims); *cf. Daimlerchrysler Fin. Servs. Americas LLC v. Kennedy*, No. 106-CV-0155 (LEK) (DRH), 2006 WL 8452392, at *1 (N.D.N.Y. May 31, 2006) ("The matter currently at bar, involving breach of contract and guarantees, and payment of indebtedness, appears to concern matters of joint and several liability")

Plaintiff also requests interest in the complaint but fails to specify whether this request is for pre-judgment interest, post-judgment interest, or both. *See* Dkt. No. 1 ¶ 65, 74. Plaintiff's motion does not elucidate the nature of Plaintiff's request and makes only passing references to interest. *See* Dkt. No. 23-1 ¶ 6(t); Dkt. No. 23-7. "Nevertheless, 'the very language of 28 U.S.C.

12

§ 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered.'" *Campos Marin v. J&B 693 Corp.*, No. 19-CV-00569 (JGK) (KHP), 2022 WL 377974, at *13 (S.D.N.Y. Jan. 21, 2022) (quoting *Duffy v. Oyster Bay Indus., Inc.*, 10-CV-3205 (ADS) (ETB), 2011 WL 2259798, at *3 (E.D.N.Y. Mar. 29, 2011), *report and recommendation adopted*, 2011 WL 2259749 (E.D.N.Y. June 2, 2011)), *report and recommendation adopted*, 2022 WL 374522 (S.D.N.Y. Feb. 7, 2022); *see Tacuri v. Nithin Constr. Co.*, No. 14-CV-2908 (CBA) (RER), 2015 WL 790060, at *12 (E.D.N.Y. Feb. 24, 2015) (awarding post-judgment interest despite plaintiffs' failure to request post-judgment interest in default judgment motion). This Court therefore respectfully recommends that Plaintiff be awarded post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961.

### VII. Attorneys' Fees and Costs

Plaintiff's complaint also seeks to recover attorneys' fees and costs from Defendants. *See* Dkt. No. 1 ¶¶ 65, 74. While the Court notes that the agreements and guaranties allow for Plaintiff to recover attorneys' fees and cost from Defendants (Dkt. Nos. 1-5 ¶ 12; 1-6 ¶ 12; 1-7 ¶ 12; 1-8 ¶ 12; 1-9, 1; 1-10, at 1; 1-11, at 1; 1-12 ¶ 8), Plaintiff's memorandum of law is silent on its entitlement to fees or costs (Dkt. No. 23-6), and the rest of Plaintiff's motion includes only passing references to fees or costs in its proposed judgment and attorney affirmation (*see* Dkt. No. 23-1 ¶ 6(t) (attorney affirmation referencing "attorneys' fees and costs" and Dkt. No. 23-7 (proposed judgment for "$284,870.93, plus fees")). The Court therefore finds that Plaintiff has abandoned its request for attorneys' fees and costs. *See, e.g., State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 172 (2d Cir. 2004) ("When a party fails adequately to present arguments in [its] brief, we consider those arguments abandoned." (citation omitted)).

13

Moreover, even if Plaintiff's motion included a proper request for attorneys' fees and costs, Plaintiff's failure to attach billing records or receipts to its motion would warrant denial of these categories of damages. *See, e.g.*, *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Swezey*, No. 20-CV-91 (FB) (RLM), 2022 WL 1422841, at *10 (E.D.N.Y. Mar. 24, 2022) ("plaintiff has provided no documentation to support any request for attorneys' fees. Therefore, plaintiff should not be awarded its attorneys' fees."), *report and recommendation adopted*, 2022 WL 2390989 (E.D.N.Y. July 1, 2022); *Green Mountain Holdings (Cayman) Ltd. v. Eddington Link, LLC*, No. 21-CV-1729 (EK) (RER), 2021 WL 7710107, at *4 n.4 (E.D.N.Y. Dec. 31, 2021) ("Even if Plaintiff had properly requested attorney's fees in this default judgment action, an award of attorney's fees would not be appropriate because Plaintiff did not submit any billing records."), *report and recommendation adopted*, 2022 WL 903062 (E.D.N.Y. Mar. 28, 2022); *Florez v. Mister Cangrejo NY Corp.*, No. 20-CV-4745 (AMD) (CLP), 2022 WL 837490, at *7 (E.D.N.Y. Mar. 1, 2022) (recommending denial of request for costs due to lack of documentation), *report and recommendation adopted*, 2022 WL 837056 (E.D.N.Y. Mar. 21, 2022).

Accordingly, this Court respectfully recommends that Plaintiff is not awarded attorneys' fees or costs.

## **CONCLUSION**

Accordingly, for the reasons set forth above, this Court respectfully recommends that Plaintiff's motion for default judgment be granted in part and denied in part. This Court respectfully recommends that Plaintiff is awarded $284,870.93, which is the principal amount due under the agreements and guaranties, plus post-judgment interest. This Court further respectfully recommends that Plaintiff is not awarded attorneys' fees or costs.

A copy of this Report and Recommendation is being electronically served on counsel. This Court directs Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants and to file proof of service on ECF by February 21, 2024. Copies shall be served at the following addresses:

Nour Limo
3811 Ditmars Boulevard
Astoria, New York 11105.

Ashraf Saad
4502 Ditmars Boulevard, Apartment 103
Astoria, New York 11105

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Komitee. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

SO ORDERED.

Dated:  Brooklyn, New York
        February 20, 2024

 /s/ *Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge